IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WENDY M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. A. NO. 24-0273-KD-MU |
| | ) |
| POSTAL SERVICE OF PRICHARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On August 5, 2024, Plaintiff filed her complaint (Doc. 1) in this action; however, Plaintiff did not pay the $405.00 filing fee or a motion to proceed without paying the filing fee. This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(3) and Local Rule 72.2(c)(1).

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint). "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to

proceed as an indigent in civil cases, created by statute, is **not considered a right but a privilege**, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998) (emphasis added), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

Accordingly, Plaintiff is **ORDERED** to either (1) submit the $405.00 filing fee **or** (2) to complete and file the form entitled "Motion to Proceed Without Prepayment of Fees" on or before **September 9, 2024,** if she wishes to proceed with his action. The Clerk of Court is **DIRECTED** to mail Plaintiff the form for the Motion to Proceed Without Prepayment of Fees, along with a copy of this Order. Plaintiff is warned that the undersigned Magistrate Judge will recommend that this action be dismissed without prejudice if she does not either pay the filing fee or file the completed form Motion to Proceed Without Prepayment of Fees by September 9, 2024.

**DONE** and **ORDERED** this the **8th**th day of **August, 2024**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
